## The accounting in HERMAN GERKEN's Estate.

ABATEMENT of money legacies. They are not a charge on the realty unless expressly declared so to be.

HOLMES & McKEAG, for Petitioner.
JOHN H. WHITE, for Executrix.

THE SURROGATE. The testator, by his will, gave to his widow " the use and profits of all my real and personal estate, after the payment of my debts as aforesaid, to be in lieu of all dower or other claims;" and " after the death of my said wife, all my real and personal estate, I do give and bequeath unto my children."

The codicil to the will provides " that each of my sons, should they respectively attain the age of twenty-one years, be paid by my executors the sum of $1,500, if they should demand and require the same, to be charged against their respective shares or interests in my said estate. And I do further will and direct that my executors pay to each of my said daughters, on their respectively marrying, the like sum of $1,500, to be charged to each of their respective shares or interests in my said estate. Otherwise my will to remain in full force and effect."

One of the daughters has now married. She cites the executrix and executor to account; and on that accounting a balance of $1,998.10 of personal assets is found in their hands; no debts existing. The real estate is, however, quite large, and the legatee insists that it is chargeable with the legacies.

As a rule, a common pecuniary legacy is not chargeable

upon the realty, as of course. The lands are never so charged, unless the testator has expressly declared that they shall be, or unless the intent so to charge them is clearly to be inferred. (*Lupton v. Lupton, 2 John. Ch. R., p.* 622.)

I do not think I am at liberty to infer such an intent from the language of this will and codicil. These two instruments are to be taken and construed together, as parts of one and the same act, and the inference must be, from their omission to charge the real estate, in terms, with the legacies, that the testator supposed his personal assets would suffice to pay them.

The rule as to the personal assets is quite different. They are to respond to both debts and legacies. In case of a deficiency, the legacies are to abate in amount. The sum of $1,998.10 of personal assets, found in the hands of the executrix and executor, is liable, since there are no debts, for these legacies, and must be applied to them or retained towards meeting them on the occurrence of the contingencies on which they respectively depend. The testator's children are four in number: Anna, Henry, Maria and Theodore. After deducting from that sum the expense of this accounting, the petitioner, Maria, now Mrs. McNair, who is still a minor, is entitled to one-quarter of the amount, which must be paid to her husband, who is her general guardian, in part discharge of her legacy. As it appears that the other daughter is now married, and the sons are coming of age, I shall direct the remainder to be deposited by the executrix and executor in the Trust Company, at interest, not to be drawn out till the further order of this Court, which will be made upon application of the parties showing interest.